# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCED IRRIGATION DISTRICT, a California Irrigation District,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MARIPOSA, a political subdivsiion of the State of California,<br><br>Defendant.<br>_____ / | CASE NO. 1:12-cv-01645-LJO-SKO<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>**ORDER VACATING HEARING ON PLAINTIFF'S MOTION TO REMAND** |

Currently pending before the Court is Merced Irrigation District's ("MID") motion to remand. (Doc. 13.) Defendant Mariposa County ("Mariposa") filed an opposition to MID's motion on December 5, 2012 (Doc. 21), and MID filed a reply brief on December 12, 2012 (Doc. 22).

In opposition to MID's motion to remand, Mariposa asserts that it has several potential federal coercive actions that confer federal-question jurisdiction on the Court, including federal agency determinations under Section 7 of the National Wild and Scenic Rivers Act ("WSRA"), potential proceedings under the Administrative Procedure Act (the "APA") and the National Environmental Policy Act ("NEPA"), and potential proceedings related to MID's relicensing application before the Federal Energy Regulatory Commission ("FERC").

Additionally, Mariposa argues that it has potential coercive state-law contract causes of action that necessarily implicate issues of federal law under the WSRA and thus confer federal-question subject matter jurisdiction.

In its reply brief, MID contends that "none of the purported federal bases for jurisdiction cited by Mariposa involve any such private right of action, and are thus inapposite." Specifically, MID argues that neither the WSRA nor the Federal Power Act ("FPA") creates any private right of action. MID argues that, "[i]n the absence of a private right of action under these statutes, neither statute can serve as the basis by Mariposa for invoking federal question jurisdiction." (Doc. 22, 5:13-15.)

MID also argues in its reply brief that the allegations in Mariposa's counterclaim and answer indicate that Mariposa is asserting interpretations of the 1960 and 1990 Agreements and California law that do not necessarily depend on interpretation or application of the WSRA.[1] MID asserts that such theories evidence that Mariposa's potential coercive state-law causes of action do not *necessarily* implicate federal law and do not, therefore, provide a basis for federal-question jurisdiction. (Doc. 22, 6:10-7:2.)

To more fully brief the issues raised in Mariposa's opposition and in MID's reply, the parties shall file the following supplemental briefs:

1. **On or before January 4, 2013,** Mariposa shall file a sur-reply brief that:
    a. Responds to MID's arguments regarding Mariposa's potential federal coercive claims under the WSRA, APA, NEPA, and the FPA;
    b. Responds to MID's argument that, for purposes of potential coercive state-law contract actions, Mariposa asserts interpretations of the parties' obligations under the 1960 and 1990 Agreements and California law that do not implicate the WSRA, and thus there is no issue of federal law that must *necessarily* be resolved, vitiating federal-question jurisdiction;

---

[1] Mariposa has filed a counterclaim against MID that asserts, in part, that "MID is obligated to make payments under the express terms of Paragraph 3(b) of the 1960 Agreement even if the County does not construct a water resources project on the South Fork of the Merced River." (Doc. 4, ¶ 33(h).) Mariposa also asserts in its counterclaim that, notwithstanding the WSRA, under California law, the holder of appropriative water rights may make a diversion at any point along a stream, and therefore Mariposa may divert any South Fork water to which it is entitled from a segment of the Merced River that has not been designated "wild and scenic" under the WSRA. (Doc. 4, ¶ 33(g).)

2

2. **On or before January 16, 2013,** MID shall file a brief responsive to Mariposa's sur-reply;

3. Neither Mariposa's sur-reply nor MID's responsive brief shall exceed 10 pages; and

4. The hearing currently set for December 19, 2012, is VACATED, and will be reset by the Court if deemed necessary following the submission of the supplemental briefs.

IT IS SO ORDERED.

Dated:    **December 18, 2012**            /s/ Sheila K. Oberto
                                                                           UNITED STATES MAGISTRATE JUDGE